Caruthers, J.,
delivered the opinion of the Court.
This was a motion against the plaintiff in error for failing to pay over a sum of money collected by him upon *331 execution for defendants in error. The collection of the money is admitted, and so is the fact that it has not been paid over to the plaintiffs in the motion. But the defence is, that it was paid over to Dawson, the sheriff of Dyer county. It appears that the claim was placed in the hands of Dawson, who executed his receipt for it in the usual form, and prosecuted the case to judgment; after which the execution came to the hands of Pate.
If he received the execution from Dawson, or under his direction, and was thus acting for and under him, a payment to him would be a .good discharge, if Dawson’s undertaking in his receipt was such as to constitute him agent for the collection of the note. But, on the other hand, if Pate received the execution from the plaintiffs, or took it out for them or under their direction, or if it were placed in his hands otherwise than by or for Dawson, he would be bound to the plaintiffs, although he may have paid it to Dawson. In any event, to exonerate himself he would have to prove that he actually paid over the money collected to Dawson. A loan of that or a greater amount would not be a payment; and no agreement to convert the loan into a payment, after the notice of this motion, would answer the purpose.
Upon these rules and principles the liability of Pate must depend; and the facts stated in the judgment and bill of exceptions do not sufficiently show how the case is in these particulars; and we therefore reverse the judgment, and remand the cause for a rehearing.